RECEIVED
IN LAKE CHARLES, LA

OCT - 4 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| STEVEN RAY BREAUX | CIVIL ACTION NO. 06-1145-LC |
| VS. | SECTION P |
| STEVE TAYLOR, ET AL. | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Steven Ray Breaux on July 6, 2006. Plaintiff is a prisoner in the custody of the Louisiana Department of Corrections (DOC) and is currently incarcerated at Concordia Parish Correctional Facility in Ferriday, Louisiana. Plaintiff names the following as defendants herein: City of Jennings Chief of Police Steve Taylor; City of Jennings Police Officers George Bowen, Jolynn Carter, and Josh Crochet; Jennings City Jail Chief Jailer Demick Hueing; and, Jefferson Davis Parish Jail Warden Terry Guillory.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff states that on August 4, 2005, he was driving his truck in Jennings, Louisiana, when a city police car began to follow him. The officer turned on his flashing lights but rather than stopping, plaintiff kept driving in an attempt to get to his mother's house a couple of blocks away. Plaintiff states that he realized that he would not be able to make it to his mother's house, so he pulled in someone's driveway and blew the horn. Plaintiff took these actions (trying to get

to his mother's house and blowing the horn in the driveway) in an attempt to have witnesses present during any interaction with the officers. Plaintiff felt that he needed the witnesses for his protection as he claims that Jennings officers had beaten and knocked him around on several prior occasions. He also states that several other people that he knows have been beaten by the Lake Arthur Police Department, and that the departments "share basically the same area and share a history of beating up people upon arrest." [Doc. #1-4, p. 1].

After plaintiff pulled in the driveway, plaintiff claims that defendant Bowen exited his vehicle with a tazer and baton in his hands, and instructed plaintiff to get out of his truck. Plaintiff, who was wearing a leg brace at the time, did so but instead of going to defendant Bowen, he started to hop (necessitated by the leg brace) to his mother's house. However, no one was home at his mother's house, so upon hearing the police officers arrive there, plaintiff hid under the house to wait until family members arrived. Plaintiff again claims that he undertook this action so that witnesses could be present to prevent defendants from beating him. Once plaintiff's father and brother got home, plaintiff came out from under the house. Officers Bowen and Carter handcuffed him, and Bowen put him in the police car. Plaintiff alleges that Bowen then sprayed a whole can of mace in his face, shut the door and left him in the car for about 10 minutes. Officer Carter rolled down the window, got in the car, and proceed to drive towards the police station. At some point, Carter stopped the vehicle and told plaintiff that she was going to beat him. Plaintiff then informed Carter that he was going to tell her husband that she was having affairs with several of her fellow police officers. A discussion about this ensued, with Carter cursing at plaintiff.

Upon arrival at the police station, plaintiff claims that Officer Carter pulled him out of the

vehicle, dropped him on the cement, placed her knee on his throat, and repeatedly punched him in the face, head and neck. A car then pulled into the parking lot, and although the mace in plaintiff's eyes prevented him from seeing the person, plaintiff states that the voice sounded like that of Officer Crochet. At this point, Carter told the other officer that plaintiff had threatened to tell her husband about them. This officer proceeded to kick plaintiff in the ribs, hips, knee, jaw, and ear. Someone then sprayed more mace in plaintiff's face and mouth. Plaintiff claims that Officer Bowen then grabbed his head and repeatedly slammed it into the cement or a wall. Plaintiff states that he was then hit in the head so hard that he blacked out. He awoke in the police station with blood going down his face, and he heard Officer Bowen tell someone that plaintiff had fallen and hit his head. A man from the fire station was cleaning plaintiff's face but the bleeding would not stop, so the man informed the officers that plaintiff needed stitches. Defendant Hueing took plaintiff to the hospital, and during the ride plaintiff learned that Carter said that he hit her with a flashlight. All of the officers were at the hospital when they arrived. Officer Carter also told the nurse that plaintiff had hit her. Plaintiff informed the nurse that he needed x-rays on his ribs, back and jaw, but claims that one of the officers said to "just stitch him up, we are busy tonight." [Doc. #1-4, p.4]. When the doctor came in, plaintiff attempted to tell him that he needed x-rays but an officer again said that he did not need x-rays and that they were busy. Plaintiff states that the doctor stitched him up as quickly as possible, leaving a big scar on his forehead. Plaintiff claims that defendant Hueing and another officer drug him out of the hospital and ordered him to get into an Expedition. Plaintiff states that he could not bend his right leg due to the brace, and that the handcuffs and shackles prevented him from stepping up into the vehicle. Officer Hueing got angry because plaintiff could not get into the vehicle, so he

hit him in the ribs with a tazer and then tazed him.

Upon arriving at the police station, plaintiff was placed in a one man cell. He claims that the mace peeled the skin off of his face, lips and tongue, and that he could not eat for over a week due to mouth pain. Due to actions of the officers, plaintiff states that he was in jail for two weeks without seeing or calling his family. However, a DOC inmate called plaintiff's mother for him, and she sent an attorney to the jail. According to plaintiff, the attorney did not take his case but that someone took pictures of him (which he claims are still in his possession). Plaintiff states that an officer told him that the individuals involved in the beating were bragging about what they did to him, and that after he became a DOC inmate, the defendant officers would go to his cell and verbally taunt him. Plaintiff also claims that Warden Guillory would go by his cell at the parish jail and make fun of him.

The above actions form the basis for plaintiff's causes of action against the defendants, which plaintiff characterizes as follows:

> The actions of the defendants George Bowen, Jolynn Carter, Demick Hueing, and Josh Crochett in using physical force against the plaintiff without the need or provocation, and Defendant Steve Taylor in failing to intervene to prevent the misuse of force, and defendant Terry Guillory for verbal and mental abuse, were done maliciously and sadistically and constituted cruel and unusual punishment in violation to the Eighth Amendment of the United States Constitution;
>
> The actions of the defendants Carter, Hueing, George Bowen, and Josh Crochett in using physical force against the plaintiff without the need or provocation constituted the tort of assault and battery under the law of the State of Louisiana;
>
> The failure of defendant Taylor to take disciplinary or other action to curb the known pattern of physical abuse to arrestee's constituted deliberate indifference, and contributed to and proximately caused violation of Eighth Amendment rights and assault and battery;
>
> The intervention of defendants in the medical treatment of petitioner at the hospital constitutes deliberate indifference to the plaintiff's serious medical needs in violation of

4

the Eighth Amendment of the United States Constitution. [Doc. #1-1, p.7]

As a result of the above, plaintiff claims that he hurts so badly that at times he can hardly get out of bed, that he constantly has bad headaches, and that he has bad dreams about being beaten. [Doc. #1-1, p. 7]. In keeping, he seeks a declaratory judgment stating that: the physical abuse by defendants violated his rights under the Eighth Amendment of the United States Constitution; the physical abuse by defendants constituted an assault and battery under state law; and, defendant Taylor's failure to take action to curb the physical abuse of arrestees violated the Eighth Amendment, and constituted assault and battery. Plaintiff also seeks an injunction and temporary restraining order instructing Chief Taylor and his officers: not to retaliate against him for filing this action; not to have the guards at the facility where he is housed to retaliate against him; and not to retaliate against his family as a result of this action. In addition, plaintiff seeks: compensatory damages of $500,000, jointly and severally, against all defendants for physical and emotional injuries sustained as a result of his beating; $250,000, jointly and severally, against all defendants for the physical and emotional injury resulting from their intervention in his medical treatment; punitive damages of $100,000 each against all officers involved in the actual beating, and $250,000 punitive damages against defendant Taylor. Plaintiff also seeks the payment of attorney's fees and costs.

## LAW AND ANALYSIS

### Frivolity

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be

granted, or seeks monetary damages from a defendant who is immune. See, 28 U.S.C. §1915(e)(2)(B)(i), (ii) and (iii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). Further, when determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### Supervisor Liability

Plaintiff names City of Jennings Chief of Police Steve Taylor and Jefferson Davis Parish Jail Warden Terry Guillory as two of his defendants herein. However, despite the thoroughness of his complaint, plaintiff fails to state a cognizable claim against these parties. At best, plaintiff names these defendants in a supervisory capacity, and it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. See, *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under §1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir.

1998). Here, plaintiff fails to set forth a constitutional claim against these parties. In regard to defendant Steve Taylor, City of Jennings Chief of Police, plaintiff's allegations fail to demonstrate that he was personally involved in any alleged constitutional deprivation or that he implemented any policy which acts as a constitutional deprivation. Accordingly, plaintiff's claims against defendant Taylor should be dismissed for failure to state a claim upon which relief may be granted, and this defendant should be dismissed with prejudice from this lawsuit. See *Sena v. Wackenhut Corporation*, 246 F.3d 682 (Table), 2001 WL 98563 (10th Cir. 2001).

Plaintiff's claims against defendant Terry Guillory, Jefferson Davis Parish Jail Warden, likewise failure to state a claim upon which relief may be granted. More specifically, plaintiff's only allegation against Guillory is that he would go by plaintiff's cell and make fun of him. However, plaintiff's argument that the verbal actions of defendant Guillory violate the Eighth Amendment's prohibition against cruel and unusual punishment, is without merit. The Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993)). The "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir.1995). See *Bender* at 274 n. 4 (holding that claims of verbal abuse and harassment are not actionable under § 1983).

### Excessive Force Claim

It is recommended that plaintiff's excessive force claim against Officers George Bowen, Jolynn Carter, Josh Crochet, and Demick Hueing (or Ueing) remain pending at this time.

**ACCORDINGLY, IT IS RECOMMENDED** that plaintiff's claims against defendants

Steve Taylor and Terry Guillory be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Accordingly,

**IT IS FURTHER RECOMMENDED** that plaintiff's claims for civil rights violations against defendants George Bowen, Jolynn Carter, Josh Crochet, and Demick Hueing (or Ueing) be served in accordance with the court's orders.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[1]

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 4, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).