U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN - 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____
     DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STEVEN RAY BREAUX** | : | **DOCKET NO. 06-1145** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **STEVEN TAYLOR, ET AL** | : | |

### MEMORANDUM RULING

On November 13, 2007, Magistrate Judge Wilson issued a Report and Recommendation (doc. #71) which recommended that the Motion for Summary Judgment (doc. #57) filed by defendants, Officer George Bowen, individually and in his official capacity as a police officer for the City of Jennings; Officer Jolynn Carter, individually and in her official capacity as a police officer for the City of Jennings, Officer Demmick Ewing, individually and in his official capacity as a police officer for the City of Jennings, and Officer Josh Crochet, individually and in his official capacity as a police officer for the City of Jennings,[1] be granted with respect to Plaintiff's claims that Defendants used excessive force *during* his arrest. However, the Report recommended that the motion be denied with respect to Plaintiff's claims that Defendants used excessive force *following* the arrest. Defendants filed objections to the Report and Recommendation.

Defendants object to the Magistrate"s findings and conclusions denying their motion to dismiss Plaintiff's claims against them after the arrest was made. The Magistrate Judge determined

---

[1] Plaintiff named Officers Ewing only in both an individual and official capacity. However, for purposes of this motion, the Court will assume that Plaintiff intended to name Officers Carter, Bowen and Crochet in both their individual and official capacity.

that there were genuine issues of fact as to whether force was used in a good faith effort to maintain or restore discipline, or whether it was used maliciously and sadistically for the purpose of causing harm.[2] Defendants maintain without supporting authority that the Magistrate applied the wrong legal standard in recommending not to dismiss the claim of excessive force while Plaintiff was a pre-trial detainee. The court finds no merit to Defendants' argument.

Defendants also complain that the Report and Recommendation included only "open-ended, unsupported allegations of plaintiff in his Reply to Defendants' Motion for Summary Judgment."[3] The Magistrate concluded that there was a factual dispute about the actions of the police officers and the plaintiff, particularly about the level of force used, and the purpose for which the force was used during the time in which Plaintiff was a pre-trial detainee. He also properly reasoned that it would be improper to make a credibility determination at the summary judgment stage. The Court agrees with the Magistrate that there is a genuine issue of fact for trial as to the level of force used after Plaintiff was arrested.

Defendants complain that the Magistrate failed to address issues of law and fact raised in their motion for summary judgment, specifically, their motion to dismiss (1) allegations that the defendant police officers prevented Plaintiff from receiving medical treatment,[4] (2) the defendant police officers in their official capacities because they cannot be liable under 42 U.S.C. § 1983, and (3) any allegations of liability under state tort law.

---

[2] Citing *Valencia v. Wiggins,* 981 F.2d 1440, 1446 (5th Cir. 1993), citing *Hudson v. McMillian,* 112 S.Ct. 995, 998 (1992); *Brothers v. Klevenhagen,* 28 F.3d 452 (5th Cir. 1994).

[3] Defendants' Objections, p. 5.

[4] Which "constitutes deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution."

*Medical treatment claim*

Defendants maintain that Plaintiff cannot meet his prima facie case under the Eighth Amendment for failing to provide proper medical treatment. Plaintiff alleges that he was denied x-rays at the hospital. In *Hare v. City of Corinth*,[5] the Court held that a state jail official's constitutional liability to pretrial detainees for episodic acts or omissions for a failure to provide medical care should be measured by a standard of subjective deliberate indifference as enunciated by the Supreme Court in *Farmer v. Brennan*.[6] "Deliberate indifference, i.e., the subjective intent to cause harm, cannot be inferred from a prison guard's failure to act reasonably."[7]

Plaintiff claims that Defendants prevented him from receiving medical treatment because while at the hospital he was denied x-rays. Other than photographs of bruises, Plaintiff has failed to submit any evidence that his injuries were so severe that the denial of x-rays was either a medical necessity or a deliberate indifference to a risk of serious injury. Accordingly, all claims brought under the Eighth Amendment for a Constitutional violation regarding failure to provide medical care will be dismissed.

*Can the police officers be liable in their official capacities under 42 U.S.C. § 1983?*

Officers George Bowen, Josh Crochet, Jolynn Carter and Demmick Ewing have been named as defendant police officers. An official capacity suit is the equivalent of a suit against the entity of which the officer is an agent.[8] Such a claim requires *Monell* proof of an official policy or custom

---

[5] 74 F.3d 633 (5th Cir. 1996).

[6] 511 U.S. 825, 114 S.Ct. 1970 (1994).

[7] *Id.*

[8] *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099 (1985).

3

as the cause of a constitutional deprivation.[9] To constitute official policy, there must be a "deliberate choice to follow a course of action... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."[10] Hence, Plaintiff must prove that the policy, custom or practice is in fact widespread, that the custom's continued existence is traceable to policy makers, and that there is a causal connection between the custom and the challenged act.[11]

Plaintiff has not named the City of Jennings as a defendant; he has named Officers George Bowen, Josh Crochet and Jolynn Carter, as defendants in their individual capacities only, but has named Officer Demmick Ewing as a defendant in both his individual and official capacities. The Court, for purposes of this motion for summary judgment, will assume that these four (4) defendants are being sued in both their individual and official capacities. Plaintiff has failed to submit any evidence of an officially sanctioned custom, policy or practice made by the official or officials responsible for establishing final policy with respect to the subject matter in question. The Court is cognizant of Plaintiff's allegation that Jennings' police officers are known for "beating up people upon arrest."[12] However, allegations alone without objective evidence will not prevent this Court

---

[9] *Turner v. Houma Municipal Fire & Police Civil Service Board,* 229 F.3d 478, fn. 10 (5th Cir. 2000), citing *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978); See also *Rooney v. Watson,* 101 F.3d 1378, 1381 (11th Cir. 1996); *Vineyard v. County of Murray, Ga.,* 990 F.2d 1207, 1211 (11th Cir.). *cert. denied,* 510 U.S. 1024, 114 S.Ct. 636 (1993)(Only when it is clear that a violation of specific rights has occurred can the question of Section 1983 municipal liability for the injury arise).

[10] *Gonzalez v. Ysleta Independent School Dist.* 996 F.2d 745, 755 (5th Cir. 1993) citing *Pambaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292 (1986).

[11] See *Bennett v. City of Slidell,* 728 F.2d 762 (5th Cir. 1984), *cert. denied,* 472 U.S. 1016, 105 S.Ct. 3476, (1985).

[12] P. 3 of Plaintiff's Reply and Objection to Summary Judgment.

from granting a dismissal of claims pursuant to a motion for summary judgment. Accordingly, any claims against these defendants in their official capacity will be dismissed.

*Claims under state law*

Defendants maintain that the Magistrate failed to address their motion to dismiss Plaintiff's state law claims. Plaintiff alleges in his Complaint that "in using physical force without need or provocation," defendant police officers' actions "constituted the tort of assault and battery under the law of the State of Louisiana."[13] Plaintiff further alleges in the "Relief Requested" section of his Complaint[14] that all defendants should be liable for emotional damages sustained by Plaintiff.

While the Magistrate's Report and Recommendation seems to not address the state law claims specifically, in denying the motion for summary, the Magistrate did find that there were genuine issues of material fact as to the use of excessive force after the arrest. Thus, the Court has no basis in law for dismissing the state law claims for assault and battery and emotional distress. Accordingly, the motion for summary judgment will be denied as to the dismissal of the state law claims.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of January, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[13] Complaint, ¶ 91.

[14] Complaint, ¶ C(1) and (2).