RECEIVED
IN ALEXANDRIA, LA.

FEB 2 2 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| STEVEN RAY BREAUX | : | DOCKET NO. 06-1145 |
| VS. | : | JUDGE TRIMBLE |
| STEVE TAYLOR, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING AND ORDER

Before the Court is "Defendants' Motion in *Limine* to Exclude any Evidence of and/or References to the Disposition of Plaintiff's Prior Criminal Prosecution from the Trial of this Matter" (doc. #98) wherein the defendants, George Bowen, JoLynn Carter, Josh Crochet, and Demmick Ewing, each individually, seek an order which would preclude Plaintiff, Steven Ray Breaux, from introducing any evidence, in any form, or otherwise refer to the disposition of his prior criminal charges which stems from the incident sued upon at the trial of this matter. Plaintiff has filed no opposition to the motion. Defendants maintain that such evidence is inadmissible because it is irrelevant, prejudicial and constitutes impermissible hearsay pursuant to Federal Rules of Evidence Articles 401, 403 and 802.

On or about August 4, 2005, Plaintiff was arrested and charged with reckless operation, resisting and officer, aggravated flight from an officer and battery on a police officer. The charge of aggravated flight from an officer was dropped by the Jefferson Davis Parish District Attorney's

Defendants maintain that all evidence concerning the disposition of Plaintiff's criminal proceeding should be excluded at trial. Defendants argue that such evidence is inadmissible because it is irrelevant, prejudicial and hearsay under Federal Rules of Evidence articles 401, 403, and 802.

Rule 401 of the Federal Rules of Evidence contains the applicable provisions concerning relevancy for trial purposes, defining relevant evidence as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2] "Evidence which is not relevant is not admissible."[3] Rule 403 further provides that:

> [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Under Rule 403, a trial judge has broad discretion to exclude otherwise relevant evidence, even where bias or interest of a witness is involved.[4] The Fifth Circuit has repeatedly refused to allow introduction of a judgment of acquittal, finding that it is excludable hearsay. In *United States v. De La Rosa*,[5] the court held that "a judgment of acquittal is hearsay not otherwise exempt from the operation of the hearsay rule," and "will often be excludabe under Federal Rule of Evidence 403, because its probative value likely will be 'substantially outweighed by the danger of prejudice,

---

[2] Fed. R. Evid. 401.

[3] Fed. R. Evid. 402.

[4] *United States v. Johnson,* 585 F.2d 119, 125-126 (5th Cir. 1978).

[5] 171 F.3d 215 (5th Cir. 1999).

because its probative value likely will be 'substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury.' "[6] Thus, Defendants argue that the dismissal of one of the criminal charges made against Plaintiff does not, in and of itself prove innocence and/or a lack of probable cause. Defendants note that the matter is set for trial before a jury. There are no claims for false arrest, and the only surviving claims in this matter are for the alleged use of force after Plaintiff's arrest. Thus, this potential evidence does not go to any issues remaining for trial and could only be used to paint Defendants in a bad light before the jury. Furthermore, they posit that regardless of the outcome of a criminal prosecution, there is no constitutional violation where an arrest is based upon probable cause.[7]

The Court agrees and concludes that the subsequent dismissal of one of the criminal charges against Plaintiff is not conclusive of, nor relevant to, the determination of whether probable cause existed at the time of the arrest. The Court further agrees that such evidence is impermissible hearsay and could potentially mislead the jury and prejudice the Defendants. Accordingly,

**IT IS ORDERED** that Defendants' motion *in limine* (doc. #98) is hereby **GRANTED**, and any evidence in whatever form, as well as any references to the disposition of the criminal prosecution instituted against Plaintiff, Steven Ray Breaux, shall be excluded at the trial of this matter.

---

[6] *Id.,* 171 F.3d at 220, citing *United States v. Kerley,* 643 F.2d 299 (5th Cir. Unit B 1981).

[7] *Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir.), *cert. denied,* 459 U.S. 1005, 103 S.Ct. 361 (1982).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 22nd day of February, 2010.

                                                    JAMES T. TRIMBLE, JR.
                                                    UNITED STATES DISTRICT JUDGE